FILED
10/09/2024
Clerk of the
Appellate Courts

IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs September 13, 2024

## ERIN MISHKIN v. ROBERT COLE GORDON

**Appeal from the Chancery Court for Williamson County**
**No. 23CV-52319     Deanna B. Johnson, Judge**

_____

**No. M2024-01397-COA-T10B-CV**

_____

Appellant filed this petition for recusal appeal after the trial court denied a motion to recuse. Because we can find no evidence in the record of any bias that would require recusal, we affirm the trial court's denial of the motion.

**Tenn. S. Ct. R. 10B Interlocutory Appeal as of Right; Judgment of the Chancery Court Affirmed and Remanded**

J. STEVEN STAFFORD, P.J., W.S., delivered the opinion of the court, in which THOMAS R. FRIERSON, II, and JEFFREY USMAN, JJ., joined.

Robert Cole Gordon, Franklin, Tennessee, Pro se.

Jonathan William Turner, Nashville, Tennessee, for the appellee, Erin Mishkin.

## MEMORANDUM OPINION[1]

### I.

This accelerated interlocutory appeal concerns a petition for recusal appeal filed by Appellant Robert Cole Gordon ("Appellant") on September 9, 2024. No other documents were included with the petition. Then, on September 12, 2024, Appellant filed an

---

[1] Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

"Accelerated Interlocutory Appeal," which included, among other things, his original motion for the recusal of Chancellor Deanna B. Johnson of the Williamson County Chancery Court ("the trial court") and the trial court's order denying the recusal motion.[2]

Appellant's motion to recuse argued that the trial court had (1) "ignored multiple acts of fraud upon the court" by Appellee Erin Mishkin; (2) "taken zero actionable steps to protect the integrity of the judicial system"; and (3) failed to comply with state and federal constitutions, the rules of professional conduct, multiple statutes, and various legal definitions and doctrines. Appellant sought "disqualification due to constitutional and statutory incompetence," and "obvious bias and prejudice by the court[.]"

In its order, the trial court found that Appellant had not demonstrated that the alleged bias arose from an extrajudicial source, and thus, that Appellant needed to establish that the alleged bias was so pervasive as to deny him a fair trial. (Citing **Runyon v. Runyon**, No. W2013-02651-COA-T10B, 2014 WL 1285729, at *6 (Tenn. Ct. App. Mar. 31, 2014)). The trial court further found that Appellant had not met this burden, as he had not supported his allegations with facts other than adverse rulings by the trial court.

## II.

Our sole concern in this interlocutory appeal is whether the trial court erred in denying Appellant's motion for recusal. *See **Duke v. Duke**, 398 S.W.3d 665, 668 (Tenn. Ct. App. 2012). Although not stated as such, Appellant essentially asserts that numerous adverse and erroneous rulings reveal bias and prejudice against him.[3]

We acknowledge that Appellant is proceeding pro se in this appeal. As explained by this Court, "[t]he courts should take into account that many pro se litigants have no legal

---

[2] Due to issues with the filing of documents in this case, Appellant's purported "Accelerated Interlocutory Appeal" was not timely filed in Appellant's Rule 10B appeal, despite it clearly pertaining to this matter. Thus, an Opinion was entered on September 20, 2024, affirming the trial court's judgment based on Appellant's apparent failure to comply with the requirements of Rule 10B or provide this Court with the documents necessary to conduct meaningful appellate review. Appellant's "Accelerated Interlocutory Appeal" was thereafter filed under docket number M2024-01463-COA-R10-CV. Upon receipt of the full record, that Opinion was vacated, and the matter again presented for review. This Opinion resolves both Appellant's 10B appeal and what was filed under docket number M2024-01463-COA-R10-CV.

Appellant filed a petition for rehearing on October 1, 2024, referring to the above filing issues. As this Opinion serves to provide Appellant with the relief requested therein, Appellant's petition to rehear is respectfully denied as moot.

[3] A significant portion of Appellant's appellate brief is devoted to the discussion of the merits of several of the trial court's substantive decisions. Then, after discussing the burden of proof for a recusal motion, Appellant argued that he had "clearly shown bias so persuasive it deprived [Appellant of] a fair trial"; that "[t]he trial court's rulings go against logic, reasoning, and legal standard"; and that "[a]ny reasonable person would question the judge's impartiality."

training and little familiarity with the judicial system. However, the courts must also be mindful of the boundary between fairness to a pro se litigant and unfairness to the pro se litigant's adversary." *Jackson v. Lanphere*, No. M2010-01401-COA-R3-CV, 2011 WL 3566978, at *3 (Tenn. Ct. App. Aug. 12, 2011) (quoting *Hessmer v. Hessmer*, 138 S.W.3d 901, 903 (Tenn. Ct. App. 2003)). Therefore, "[w]hile entitled to fair and equal treatment before the courts, a pro se litigant is still required to comply with substantive and procedural law as do parties represented by counsel." *Gilliam v. Gilliam*, No. M2007-02507-COA-R3-CV, 2008 WL 4922512, at *3 (Tenn. Ct. App. Nov. 13, 2008) (citing *Hessmer*, 138 S.W.3d at 903).

Motions to recuse and accelerated interlocutory appeals of orders denying motions to recuse are governed by Rule 10B of the Rules of the Supreme Court of the State of Tennessee. Under Rule 10B, a party is entitled to "an accelerated interlocutory appeal as of right" of an order denying a motion to recuse, with the trial court's ruling "reviewed by the appellate court under a de novo standard of review[.]" Tenn. Sup. Ct. R. 10B, § 2.01. "If the appellate court, based upon its review of the petition for recusal appeal and supporting documents, determines that no answer from the other part[y] is needed, the court may act summarily on the appeal." Tenn. Sup. Ct. R. 10B, § 2.05. In this case, we have determined that no answer from the opposing party is necessary, and we choose to act summarily on this appeal. *See also* Tenn. Sup. Ct. R. 10B, § 2.06 (stating that a 10B accelerated appeal should be decided on an expedited basis).

Tennessee Supreme Court Rule 10, Code of Judicial Conduct Rule 2.11 states, "A judge shall disqualify himself or herself in any proceeding in which the judge's impartiality might reasonably be questioned, including but not limited to the following circumstances: (1) [t]he judge has a personal bias or prejudice concerning a party or a party's lawyer . . . ." Our supreme court has established that there is both a subjective and an objective component to the recusal question, noting that

> a recusal motion should be granted when "the judge has any doubt as to his or her ability to preside impartially in the case" or "when a person of ordinary prudence in the judge's position, knowing all of the facts known to the judge, would find a reasonable basis for questioning the judge's impartiality." *Davis [v. Liberty Mut. Ins. Co.]*, 38 S.W.3d [560,] 564–65 [(Tenn. 2001)] (quoting *Alley v. State*, 882 S.W.2d 810, 820 (Tenn. Crim. App. 1994)). Even if a judge believes he [or she] can be fair and impartial, the judge should disqualify himself [or herself] when "the judge's impartiality might be reasonably questioned" because "the appearance of bias is as injurious to the integrity of the judicial system as actual bias." *Id.* (quoting Tenn. Sup. Ct. R. 10, [RJC 2.11]).

*Bean v. Bailey*, 280 S.W.3d 798, 805 (Tenn. 2009) (some quotation marks omitted).

Still, not every bias, partiality, or prejudice requires recusal: "To disqualify, prejudice must be of a personal character, directed at the litigant, 'must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from . . . participation in the case.'" *Alley*, 882 S.W.2d at 821 (quoting *State ex rel. Wesolich v. Goeke*, 794 S.W.2d 692, 697 (Mo. App. 1990)). As such, "[i]f the bias is based upon actual observance of witnesses and evidence given during the trial, the judge's prejudice does not [ordinarily] disqualify the judge." *Id.* (citation omitted). If, however, "the bias is so pervasive that it is sufficient to deny the litigant a fair trial, it need not be extrajudicial[.]" *Id.* In other words, "[i]f the bias is alleged to stem from events occur[r]ing in the course of the litigation of the case, the party seeking recusal has a greater burden to show bias that would require recusal, *i.e.*, that the bias is so pervasive that it is sufficient to deny the litigant a fair trial." *Runyon*, 2014 WL 1285729, at *6 (quoting *McKenzie v. McKenzie*, No. M2014-00010-COA-T10B-CV, 2014 WL 575908, at *1 (Tenn. Ct. App. Feb.11, 2014)).

Additionally, "[a]dverse rulings by a trial court are not usually sufficient grounds to establish bias." *Alley*, 882 S.W.2d at 821; *see also McKenzie*, 2014 WL 575908, at *4 ("Because the protections against bias are generally specific to an individual judge, and arise from a personal situation and a source outside the lawsuit, rulings made during a lawsuit are not enough to require recusal."). Even rulings that are "erroneous, numerous and continuous, do not, without more, justify disqualification." *State v. Cannon*, 254 S.W.3d 287, 308 (Tenn. 2008) (quoting *Alley,* 882 S.W.2d at 821) (finding no error in trial court denying the defendant's motion to recuse, even after concluding that the trial court committed multiple reversible errors, because there was no proof that the errors resulted from bias or prejudice against the defendant). If this were not the case, "recusal would be required as a matter of course since trial courts necessarily rule against parties and witnesses in every case, and litigants could manipulate the impartiality issue for strategic advantage, which the courts frown upon." *Davis*, 38 S.W.3d at 565.

Here, Appellant appears to admit that the alleged bias of the trial court judge must have arisen during the course of the litigation.[4] To support his argument that the alleged bias was so persuasive as to deny him a fair trial, however, Appellant points only to the trial court's decisions, which Appellant argues were made in error. For example, Appellant begins his petition for recusal appeal by asserting that he seeks "disqualification . . . due to rulings that violate the right to due process and equal protection[,] . . . the Tennessee Open Records Act, marriage by estoppel, [various statutes relating to marriage licenses and ceremonies], the legal definition of 'declaration,' the Rules of Professional Conduct 'Candor Toward the Tribunal' Rule 3.3, and 'clear and convincing evidence,' as well as the clean hands doctrine." Later, at the start of the argument portion of his petition,

---

[4] As stated in Appellant's brief: "It would be highly unlikely if not impossible to show bias to a court stemming from an extrajudicial source rather than litigation. Litigation is the only opportunity to civilly litigate. Thus a bias could only arise during litigation[.]"

Appellant again asserts that the trial court erred in three substantive rulings and goes on to explain his argument as to each alleged error. Clearly, these assertions of error focus on the substantive rulings of the trial court, which are not at issue in this appeal. *See Duke*, 398 S.W.3d at 668 ("In a Tennessee Supreme Court Rule 10B appeal, the only order we may review is the trial court's order that denies a motion to recuse. Pursuant to the rule, we may not review the correctness or merits of the trial court's other rulings[.]").[5]

To the extent that Appellant asserts that these alleged erroneous rulings are proof of a bias against him, they are simply not sufficient to show a bias necessitating disqualification standing alone: "Consistent adverse rulings may lead a party to wish for another trial judge, . . . they do not provide a basis for requiring the trial judge's recusal from the case." *In re Samuel P.*, No. W2016-01592-COA-T10B-CV, 2016 WL 4547543, at *2 (Tenn. Ct. App. Aug. 31, 2016) (citing *Runyon*, 2014 WL 1285729, at *10). Without more, Appellant has simply not met his burden to establish that "a person of ordinary prudence in the judge's position, knowing all of the facts known to the judge, would find a reasonable basis for questioning the judge's impartiality." *Bean*, 280 S.W.3d at 805. We therefore affirm the trial court's denial of Appellant's motion to recuse.

### III.

The judgment of the Williamson County Chancery Court is affirmed, and this matter is remanded to the trial court for further proceedings consistent with this Opinion. Costs of this appeal are taxed to Appellant Robert Cole Gordon, for which execution may issue if necessary.

s/ J. Steven Stafford
J. STEVEN STAFFORD, JUDGE

---

[5] We note that Appellant has filed other actions in this Court involving the same underlying matter. *See Mishkin v. Gordon*, No. M2024-00570-COA-R3-CV (dismissed for failure to comply with Tennessee Rule of Appellate Procedure 24); *Mishkin v. Gordon*, No. M2024-01488-COA-R3-CV (ongoing). Such an appeal on the merits would be the appropriate method of addressing the trial court's rulings not related to the motion to recuse. *See Runyon*, 2014 WL 1285729, at *11 ("This Court will not permit parties to litigate an appeal of the merits under the guise of a Rule 10B appeal on recusal.").

- 5 -